UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

TINA GOMEZ,                                              No. C 13-03143 LB

           Plaintiff,                            **ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION**

   v.

CAROLYN COLVIN,

           Defendant.

_____/

On July 9, 2013, Tina Gomez filed a complaint against the Commissioner of the Social Security Administration ("SSA"), Carolyn Colvin, that asks the court to review the SSA's decision denying her claim for disability benefits. Complaint, ECF No. 1.[1] Ms. Colvin answered her complaint on December 27, 2013. Answer, ECF No. 10. Ms. Gomez's motion for summary judgment was due by January 24, 2014, Social Security Procedural Order, ECF No. 2 (providing that, in such cases, a plaintiff's summary judgment motion is due within 28 days of the filing and service of a defendant's answer). Because she had not filed a summary judgment motion by that date, the court ordered her to show cause, in writing and by February 10, 2014, why her action should not be dismissed for failure to prosecute.

To date, Ms. Gomez has failed to file either a summary judgment motion or a response to the court's order to show cause, and the court has received no further indication that she intends to

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-03143 LB
ORDER

prosecute this action. *See generally* Docket.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Ms. Gomez has not filed a summary judgment motion, even though it is past the court's deadline for doing so, and she has failed to respond to the court's order to show cause. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the Defendant. Finally, the court has provided Ms. Gomez with less drastic alternatives: it specifically notified her that she was past the deadline for filing a summary judgment motion and gave her a chance to explain to the court why she missed it. She has failed to take advantage of this opportunity.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Gomez's action for failure to prosecute. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: February 18, 2014

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California